IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CLINTON B. HUGHES, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO.   7 : 11-CV-90102 (HL) |
| | : | 28 U.S.C. § 2255 |
| | : | CASE NO.   7 : 08-CR-12 (HL) |
| | : | |
| VS. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| Respondent. | : | |

## RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on March 30, 2011, is before this Court for consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.   After preliminary examination of Petitioner's Motion, the Court allowed Petitioner's Motion to proceed and directed the Respondent to file a response to the Motion.  (Doc. 30).   Upon review of the Respondent's contentions, it appears that the § 2255 Motion is subject to summary dismissal under Rule 4, as Petitioner's claims will not support the granting of relief.

**Procedural History**

The Petitioner was charged in a one-count information with the offense of conspiracy to file false claims with a Department of the United States, in violation of 18 U.S.C. § 286.   On March 17, 2008, the Petitioner entered into a Plea Agreement with the Government and pled guilty to the information.  (Docs. 4,5).   Petitioner was sentenced on March 10, 2009 to 48 months imprisonment followed by 3 years of Supervised Release.   (Doc. 17).

Petitioner filed his Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 on March 30, 2011, asserting ineffective assistance of counsel, in that he was denied the "agreed terms of [his] plea agreement" by the Bureau of Prison's ultimate refusal to place him in its Residential Drug Abuse Program, which would have entitled Petitioner to a "12-month reduction in sentence and no less than six months of RRC [Residential Reentry Center] referral placement". (Doc. 26, p. 3).

Although the Petitioner labels his claim herein as one of ineffective assistance of counsel, he makes only a limited allegation concerning his attorney's performance in regard to Petitioner's alleged denial of participation in the Residential Drug Abuse Program by the Bureau of Prisons. Petitioner's claim appears to be limited to a challenge to the execution of his sentence, in that he was not placed in the Bureau of Prisons program as anticipated. However, it is well established that an inmate is not entitled to participate in rehabilitative programs during incarceration. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("Congress has given federal prison officials full discretion to control such conditions of confinement . . . and a prisoner has no legitimate statutory or constitutional entitlement to invoke due process.").

Section 2255 provides that:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Petitioner's claim herein does not fall into any of these categories of bases for relief under § 2255.

To the extent that Petitioner alleges that he was advised by his attorney to accept the plea agreement with the understanding that he would qualify to be placed in the Residential Drug Abuse Program and thereby be entitled to a twelve month reduction in sentence, the record of the guilty plea hearing shows that the Court specifically questioned the Petitioner regarding his discussions with his attorney, and Petitioner acknowledged that his attorney fully discussed the charge against him and the consequences of pleading guilty. (Doc. 33, pp. 10, 12).   Petitioner stated that he understood the charge, and he was satisfied with his attorney's representation of him. *Id.* at 12. The Court informed the Petitioner of the charge to which he was pleading guilty, the consequences of that guilty plea, and the possible sentence, informing Petitioner that:

> COURT:   The thing to understand, of course, if you plead guilty to this charge, you have to be sentenced and that sentence will be determined by the Court ultimately.
>
> DEFENDANT HUGHES:   Yes, Right.
>
> COURT:   That's notwithstanding any recommendations there may be made in the case; which means that if you pleaded guilty and the Court did not follow some recommendation – because that's what they are, recommendations – they are not binding on the Court.
>
> DEFENDANT HUGHES:   Right.
>
> COURT:   Then you could not withdraw your plea of guilty based on that reason.   Do you understand that?
>
> DEFENDANT HUGHES:   Yes, I do.
>
> COURT:   Has any one forced, coerced you or threatened you in any way to get you to enter into an agreement?
>
> DEFENDANT HUGHES:   No, sir.

> COURT:   Other than what is in the agreement and what has been said to the Court today on the record, has any one promised you anything at any time else to get you to plead guilty to this charge or enter into an agreement?
>
> DEFENDANT HUGHES:   No, sir.

Doc. 33, pp. 14-15.

Although the Petitioner now appears to infer that if he had known he would not be placed in the Residential Drug Abuse Program, and thereby serve a shorter sentence, he would not have pled guilty, Petitioner has failed to establish that his plea agreement was breached. The record, including the plea agreement and the plea colloquy, is void of any mention of Petitioner's potential participation in a drug program. (Docs. 4, 33). *See Perkins v. United States*, 2007 WL 2904124 (M.D.Ga) (HL) (petitioner presented no factual or legal basis to support contention that plea agreement was breached by the government, or that Court was bound by recommendation that sentences run concurrently).

Moreover, an attorney's failure to correctly anticipate a sentence length will not support a claim of ineffective assistance of counsel when the petitioner has been informed by the Court, as herein, that he cannot rely on counsel's sentence predictions. *United States v. Pease*, 240 F.3d 938, 941-42 (11th Cir. 2001). "Mere disappointment that a court imposed a harsher sentence tha[n] what one hoped for is not the proper basis for a motion to vacate." *Langford v. U.S.* 2009 WL 6467043 *9 (S.D.Ala.). "Petitioner may not now disavow his express representations made under oath under the guise of an ineffective assistance claim, merely because he did not receive a sentence that he hoped for. Disappointed expectations do not equate to an involuntary and unknowing guilty plea or, for that matter, a bona fide claim of ineffective assistance, considering Petitioner's thorough and comprehensive plea colloquy." *Johnson v. U.S.*, 2009 WL 995472 *5

(M.D.Fla).

Inasmuch as the ground for relief raised by Petitioner in his § 2255 motion will not support the granting of relief, is it is the recommendation of the undersigned that this § 2255 motion be **DISMISSED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

SO RECOMMENDED, this 3rd day of May, 2012.

                                         s/   **THOMAS Q. LANGSTAFF**
                                         UNITED STATES MAGISTRATE JUDGE

asb